Ferris agt. Soley.

——— ♦♦ ———

## SUPREME COURT.

ANDREW C. FERRIS agt. EDWARD SOLEY and others.

Where the defendant's attorney served with his notice of appearance a demand of this kind: "and I require that all papers be served on me at my office, No. 11 Wall street, in the city of New York," *held,* that under such demand the defendant was entitled to have a copy of the *complaint* served on him. The judgment entered by the plaintiff without such service, was set aside as irregular.

*New York Special Term, September,* 1862.

IN this case a summons for a money demand on contract was served on the defendant Soley, on the 12th of May, 1862, and he was at the same time arrested upon an order of arrest granted in the action. On May 17 he caused a notice of appearance to be served by his attorney in this case, and superadded to such notice were the words " and I require that all papers be served on me at my office, No. 11 Wall street, in the city of New York." The plaintiff, not regarding such notice sufficient as a demand for a copy of the complaint, omitted to serve a copy of his complaint, and on the 19th day of June entered judgment against the said defendant Soley, who then made this motion to set aside the judgment on the ground of irregularity, dismiss the complaint, and discharge the defendant from arrest.

E. HAINES, *for plaintiff.*
W. H. DeCAMP, *for defendant.*

BARNARD, Justice. The defendant, under the demand served by him, was entitled to have a copy of the complaint served on him, unless a waiver in writing is shown. The judgment, consequently, is irregular, and must be set aside. This the defendant is entitled to as a matter of right. The dismissal of the complaint, however, is a matter resting in the discretion of the court, and if a reasonable excuse for not having served it is shown, time within which to serve it is always granted. The plaintiff has shown a reasonable excuse in this case.

The motion to discharge from arrest, by reason of the non-service of the complaint, falls with the extension of the time to make the service. The ground on which the discharge is granted in such cases is that of *laches* in plaintiff. The excuse of the *laches* for not serving the complaint should stand effectual as a bar to all motions based on that *laches*.

As neither party has wholly succeeded on this motion, no costs are given.

Motion granted, so far as to set aside the judgment; the rest of the motion denied, with leave given to plaintiff to serve the complaint within three days after service on him of this order.

The judgment being set aside, the defendant may move on the merits to set aside the order of arrest.